UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JOHN MEYER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**RIOS FINISHING SERVICES, LLC**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:25-cv-767<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JOHN MEYER** ("**MEYER**"), by and through undersigned counsel, and state the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Florida common law for (1) unpaid minimum wages, and (2) breach of contract - wages.

## PARTIES

2. The Plaintiff, **JOHN MEYER** ("**MEYER**" or "Plaintiff") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and who worked for the Defendant in Collier County, Florida. At all material times, **MEYER** was entitled to be paid the prevailing minimum wage

1

for all hours worked. **MEYER** began the flow of interstate commerce by, *inter alia*, using interstate wires to procure and transfer organic goods, in addition to processing interstate payments. **MEYER** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **MEYER** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.  The Defendant, **RIOS FINISHING SERVICES, LLC** ("**RIOS FINISHING**" or "Defendant") is a Florida corporation and has a principal place of business located in Collier County, Florida. **RIOS FINISHING** has gross annual income in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **RIOS FINISHING**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and sending/receiving goods and funds from out-of-state sources. **RIOS FINISHING** collects monies, much of which is from out-of-state financial institutions. **RIOS FINISHING** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **RIOS FINISHING** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. **RIOS FINISHING**

maintains employment records of Plaintiff. **RIOS FINISHING** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. This Court has supplemental jurisdiction of the state law claims under 29 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **MEYER** began his employment with the Defendant on or about December 8, 2023, and was employed as its business administrator.

7. Upon beginning his employment, **MEYER** and the Defendant agreed to that he would be paid a salary based on a weekly rate of $1,200.

3

8. Shortly after he was hired, **MEYER** received an increase in salary to $1,300/week on or about April 5, 2024, and another increase to $1,550 on or about September 6, 2024.

9. **MEYER** agreed to those terms and that payment structure was not modified by the parties.

10. Nevertheless, beginning approximately in April 2025, the Defendant failed to pay the agreed-upon weekly salary due to **MEYER**, and failed to pay him any wages at all for a period of 12-weeks despite the fact **MEYER** worked on a full-time basis during that time and was contractually due to be paid at a rate of $1,550 per week. As a result, the Defendant owes **MEYER** approximately $18,600.00 due to its breach of the contract.

11. The Defendant should have at least paid **MEYER** at a minimum wage rate of $7.25/hour, meaning that based on just 40-hours per week that **MEYER** worked, he should have been paid a minimum wage of at least $290 per week, which equates to $3,480 over the 12-week period where **MEYER** worked without any compensation at all.

12. The Defendant has refused to pay **MEYER** the minimum wage he is lawfully entitled to, and he is owed at least $3,480 in minimum wages (exclusive of liquidated damages).

13. The Defendant also agreed to reimburse **MEYER** for a General Contracting Licensing Course, gas expenses and other work-related expenses, but the Defendant has failed to reimburse **MEYER** approximately $6,893.86.

14. The Defendant has violated the FLSA by failing to pay minimum wages to **MEYER** and has violated Florida common law by failing to pay **MEYER** his full wages.

## COUNT I: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGES

15. The Plaintiff hereby incorporates Paragraphs 1-14 in this Count as though fully set forth herein.

16. Plaintiff was a covered employee under the FLSA at all times during his employment with the Defendant.

17. The Defendant was required by the FLSA to pay Plaintiff at least minimum wage for all hours worked.

18. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

19. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

20. The Defendant violated the FLSA by failing to pay Plaintiff at least minimum wage for all hours worked.

21. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper minimum wage for all hours worked.

22. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

23. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – BREACH OF CONTRACT – UNPAID WAGES

24. The Plaintiff realleges and incorporates Paragraphs 1-10 and 13 in this Count by reference.

25. A contract existed between the Plaintiff and the Defendant.

26. Both the Plaintiff and the Defendant agreed to those terms, which were clear and unambiguous.

27. The Plaintiff fully and satisfactorily performed his duties under the contract.

28. The Defendant has breached the contract by refusing to pay the Plaintiff the full amount of the sums due under the terms of the contract.

29. The Plaintiff has been damaged as a result of the Defendant's breach of the contract.

30. This Count is timely brought, and all conditions precedent have occurred or been waived.

**WHEREFORE**, the Plaintiff respectfully demands that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: August 25, 2025       **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com